IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTOPHER KEALOHA, #A0265817, | ) NO. 1:17 cv 00570 HG KSC )  |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT ) PURSUANT TO 28 U.S.C. ) §§ 1915(e) & 1915A(a) |
| vs. | ) ) |
| ELIZABETH CABRERA, CATHY KRUEGER, WESLEY MUN, JOHN FRAUENS, DOES 1-150, | ) ) ) ) |
| Defendants, | ) ) |

### ORDER DISMISSING COMPLAINT
### PURSUANT TO 28 U.S.C. §§ 1915(e) & 1915A(a)

Before the Court is pro se Plaintiff Kristopher Kealoha's prisoner civil rights Complaint. ECF No. 1. Although Kealoha is presently incarcerated at the Oahu Community Correctional Center ("OCCC"), he complains about incidents that allegedly occurred at the Halawa Correctional Facility ("HCF") between December 25, 2014, and October 9, 2015. Kealoha alleges that Department of Public Safety ("DPS") and HCF officials and staff violated the Eighth Amendment by failing to

1

provide him adequate or timely medical care.[1]  He seeks damages and injunctive relief.

The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  For the following reasons, Kealoha's Complaint is DISMISSED pursuant to for his failure to state a plausible claim for relief, with leave granted to amend.

## I.  STATUTORY SCREENING

Because Kealoha is a prisoner and is proceeding in forma pauperis, the court must screen his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Complaints or claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126 27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

---

[1] Plaintiff names HCF staff: (1) Elizabeth Cabrera, RN, (2) Cathy Krueger, RN, (3) John Frauens, M.D., (4) Does 1-150; and (5) DPS Clinical Health Care Administrator Wesley Mun, as Defendants in their official and individual capacities.

2

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (discussing screening under § 1915(e)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (discussing screening pursuant to § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Determining whether a complaint states a plausible claim for relief [is] . . . a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

Pro se litigants' pleadings must be liberally construed and all doubts resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the

complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

## II.   BACKGROUND[2]

Kealoha suffered a dislocated shoulder on an unidentified date. On December 25, 2014, he submitted a medical request to RN Cabrera for treatment for his shoulder. RN Cabrera forwarded Kealoha's request to RN Krueger. Kealoha's medical request was returned to him the next day with a notation that he had been "referred to see a[n] Orthopedic." Compl., ECF No. 1, PageID #6.

Kealoha says that he requested pain medication, an appointment with an orthopedic specialist, and a medical memorandum allowing him to be handcuffed in the front to lessen his shoulder pain every morning at sick call. Kealoha says that he "never did see a Orthopedic for [his] shoulder injury," but does not allege that he never saw *any* prison physician or medical provider for his shoulder. *Id.* On October 19, 2015, Kealoha

---

[2] Kealoha's allegations of fact are accepted as true and construed in the light most favorable to him. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

4

received a medical memorandum permitting him to be handcuffed in front.[3]

Kealoha previously raised these claims in *Kealoha v. Espinda*, No. 1:16 cv 00486 JMS KJM (D. Haw. 2016), on September 2, 2016, although he named additional defendants Tina Agaran, RN, and Barney Toyama, M.D. On February 24, 2017, the district court dismissed these claims from that suit as improperly joined and for failure to state a claim. *See id.*, Order, ECF No. 37. Kealoha was told that he could raise the dismissed claims in a new action, but should consider the court's discussion on the claims' deficiencies before doing so.

Kealoha alleges that Defendants violated the Eighth Amendment when (1) Cabrera failed to provide him medical care for his "serious medical need" after she received his medical request; (2) Krueger failed to schedule an appointment for him with HCF Orthopedic specialist Dr. Frauens; (3) Dr. Frauens failed to provide him medical care, despite being aware of

---

[3] In *Kealoha v. Espinda*, No. 1:16-cv-00486 JMS-KJM (D. Haw. 2017), Kealoha said that Dr. Toyama prescribed the medical memorandum.

Kealoha's serious medical need through a March 1, 2015 sick care request that Kealoha gave to Nurse Pam; (4) Mun failed to provide him medical care, despite Mun's knowledge of Kealoha's alleged need through Kealoha's grievance; and (5) Does 1-150 failed to provide him medical care between December 26, 2014, and October 9, 2015, despite his daily requests for pain medication and an orthopedic appointment. *Id.*, PageID #7.

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation and quotation marks omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

In addition, a plaintiff asserting a § 1983 claim must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones*

*v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). That is, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, that is, an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371 72, 377 (1976).

**A.  Official Capacity Claims**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 71 (1989).

Kealoha complains of events that allegedly began at HCF in December 2014 and apparently concluded in October 2015.[4] Kealoha was later transferred to the Federal Detention Center Honolulu and released from custody after his sentence expired on March 4, 2017. *See Kealoha*, No. 1:16 cv 00486 JMS KJM, ECF No. 45. Kealoha was arrested on a new charge on or about April 24, 2017, and is now incarcerated at OCCC awaiting trial. *Id.*, ECF No. 48.

First, Kealoha does not allege an ongoing violation of his federal civil rights. Second, Kealoha's injunctive relief claims alleging a denial of medical treatment at HCF in 2014 and 2015 are moot. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (holding a plaintiff must demonstrate a "real and immediate threat of repeated injury" to have standing for injunctive relief claims); *see also Darring v. Kincheloe*, 783 F.2d 874, 876 77 (9th Cir. 1986)

---

[4] Kealoha's claims may be barred by the two-year statute of limitation applicable to § 1983 actions in Hawaii, although the Court makes no holding on this affirmative defense at this time. *See Pele Defense Fund v. Paty*, 73 Haw 578, 597-98, 837 P.2d 1247, 1260 (1992).

8

(holding injunctive relief claims became moot when inmate transferred to new prison with no reasonable expectation of being subjected to conditions for which he sought injunctive relief); *Suarez v. Beard*, 2017 WL 2652199, at *5 (N.D. Cal. June 20, 2017) (dismissing claim for injunctive relief after inmate transferred).

Kealoha's official capacity claims against all Defendants are DISMISSED with prejudice.

**B. Eighth Amendment: Inadequate Medical Care**

To establish an Eighth Amendment violation regarding the denial or delay of medical care, an inmate must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010). Deliberate "indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care.'" *Crowley v.*

9

*Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

To state a claim, a "plaintiff must [first] show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (quotations omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* This can be shown by alleging "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* Deliberate indifference requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The "'inadvertent [or negligent] failure to provide

adequate medical care' alone does not state a claim under § 1983." *Jett*, 439 F.3d at 1096 (citing *Estelle*, 429 U.S. at 105); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.").

C.  **Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant unlawfully harmed me accusation" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Kealoha's allegation that he was in pain for several months due to his shoulder injury satisfies the

serious medical need requirement for the purposes of this Order. Kealoha fails, however, to allege sufficient additional facts from which the Court can plausibly infer that Defendants acted with deliberate indifference to this allegedly serious medical need.

### 1. *RN Cabrera*

Kealoha states, "Elizabeth Cabrera didn't provide me medical care for my serious medical need after I gave her a medical request for pain medication and to see a doctor for my shoulder injury." Compl., ECF No. 1, PageID #7. Kealoha concludes that Cabrera violated the Eighth Amendment. Cabrera, however, immediately forwarded Kealoha's request to Krueger to schedule an appointment for him; it was returned to him the next day with a notation stating that he had been "referred to see a[n] Orthopedic" specialist. *Id.* Cabrera clearly acted on Kealoha's request and presumably assumed that it had been adequately addressed.

Kealoha provides no other details regarding Cabrera's involvement in the alleged denial of medical care. He does not explain what his medical request

12

stated regarding his shoulder injury, to allow the Court to infer that Cabrera knew that a substantial risk of serious harm existed if he was not seen immediately by a physician and that she drew (or should have drawn) that inference. Kealoha does not allege that Cabrera knew that he was *not* scheduled for an orthopedic appointment, either from him or otherwise, and refused to assist him. It is not even clear that Cabrera had the authority to schedule Kealoha for an appointment with the HCF orthopedic specialist without prior approval from a primary care physician.

Kealoha fails to allege enough facts to show that Cabrera purposefully failed to act or respond to his serious medical need with deliberate indifference to his health. He therefore fails to state a claim against Cabrera under the Eighth Amendment.

### 2. *RN Krueger*

Kealoha claims that Krueger failed to schedule an appointment for him with Dr. Frauens after Cabrera gave her his request. He provides no other facts regarding Krueger's involvement in the alleged denial of medical

13

care. Again, Kealoha does not say what his medical request stated regarding his shoulder injury, or allege that he otherwise informed Krueger that he was in pain and needed medication, a physician appointment, and a medical memorandum allowing him to be handcuffed in the front. Kealoha does *not* allege that Krueger falsely responded that an appointment had been scheduled yet *purposely* failed to schedule an appointment for him, or set forth facts explaining why she would do so. Nor does Kealoha allege that Krueger knew the appointment she scheduled had been canceled, yet refused to reschedule an appointment for him despite knowledge of his serious medical need.

Krueger may have been negligent in scheduling an appointment for Kealoha; these facts are insufficient to support an inference that she was deliberately indifferent to his serious medical need.

### 3. *Wesley Mun*

Kealoha states, "Wesley Mun didn't provide Medical care after having knowledge of my serious medical need from responding to my grievance." Compl., ECF No. 1,

14

PageID #7. Kealoha does not explain what his grievance said regarding his shoulder injury or pain, the HCF medical unit's response to that injury or pain, or their initial response to his grievance. Kealoha also fails to explain how, why, or by whom he was later issued a medical memorandum allowing him to be handcuffed in front if he was never seen by any medical provider. It appears that Kealoha was seen by some medical provider, but wanted to see an orthopedic specialist, and this request was denied. It is impossible to determine the background of this claim, that is, the reason for such denial, from Kealoha's sparse representation of facts.

Kealoha's allegations are insufficient to allow the Court to infer that Mun was aware that Kealoha had a serious medical need and that the HCF medical unit staff ignored or refused to treat that need with deliberate indifference to his health, such that Mun's failure to intervene constituted deliberate indifference to Kealoha's serious medical need.

15

### 4. Dr. Frauens

Dr. Frauens is the HCF Orthopedic specialist. Kealoha states that "Frauens didn't provide medical care after having knowledge of my serious medical need from a sick call request from nurse pam on (3 15 15) causing me on going pain and suffering." Compl., ECF No. 1, PageID #7. As with Kealoha's statement of facts against the other Defendants, this sparse and conclusory statement is insufficient to state an Eighth Amendment claim against Dr. Frauens. Dr. Frauens may never have received the medical request from Nurse Pam, or he may have made a medical decision that Kealoha did not require orthopedic care based on Kealoha's medical history or treatment. Without more background facts regarding Dr. Frauens involvement in Kealoha's medical care, however, it is impossible to infer that he acted with deliberate indifference to Kealoha's serious medical need.

### 5. Does 1-150

Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of all

parties in the complaint.  Because it is nearly impossible for the United States Marshal to serve a summons and complaint on an anonymous defendant, the use of doe defendants is generally disfavored in the federal court.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

If the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege facts to support how each particular doe defendant violated his constitutional rights.  The plaintiff may then use the discovery processes to obtain the names of doe defendants whom he believes violated his constitutional rights and seek leave to substitute those individuals as defendants, unless it is clear that discovery would not uncover their identities, or that the complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Kealoha indiscriminately sues Doe Defendants 1 150, who he were registered nurses at HCF, without

explaining how each individual nurse violated his rights. That is, he fails to individually identify them so that their relationship to his claims is evident. Kealoha therefore fails to state a claim against Doe Defendants 1-150 and they are DISMISSED. He may reallege claims against Doe Defendants, subject to the limitations set forth herein, but he must allege specific facts showing what each particular Doe Defendant did to violate his rights.

## IV. LEAVE TO AMEND

Kealoha may file an amended complaint that cures the deficiencies noted above on or before January 15, 2018. An amended complaint should stand on its own without incorporation or reference to a previous pleading and it generally supersedes the original complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See*

*Lacey*, 693 F.3d at 928 (stating claims dismissed with prejudice need not be repled to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

## V. 28 U.S.C. § 1915(g)

If Kealoha fails to file an amended complaint, or is unable to sufficiently amend his claims to cure their deficiencies, this dismissal may later count as a "strike" under 28 U.S.C. § 1915(g).[5]

## VI. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim against any Defendant pursuant to 28 U.S.C. §§ 1915(e) & 1915A(a). Claims against Defendants named in their official capacities are DISMISSED with

---

[5] Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

prejudice.  Claims against Defendants named in their individual capacities for alleged violations of the Eighth Amendment are DISMISSED without prejudice.

(2) Kealoha may file an amended complaint that cures the deficiencies in those claims dismissed without prejudice on or before January 15, 2018.

(3) The Clerk of Court is DIRECTED to mail Kealoha a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 11, 2017.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Kristopher Kealoha, #A0265817 v. Elizabeth Cabrera, Cathy Krueger, Wesley Mun, John Frauens, Does 1-150; Civ. No. 17-00570 HG-KSC; **ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e) & 1915A(a)**