IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTOPHER KEALOHA, #A0265817, | NO. 1:17-cv-00570 HG-KSC |
| Plaintiff, | DISMISSAL ORDER |
| vs. | |
| ELIZABETH CABRERA, CATHY KRUEGER, WESLEY MUN, JOHN FRAUENS, DOES 1-150, | |
| Defendants. | |

**DISMISSAL ORDER**

On December 11, 2017, the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A(a), for failure to state a claim on which relief can be granted. Order, ECF No. 4. The Court granted Plaintiff until January 15, 2018, to file an amended pleading that cured the noted deficiencies in his claims. Plaintiff has neither filed an amended complaint nor requested an extension of time to do so.

1

It appears that he has abandoned this action.  *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013).

The Court may dismiss Plaintiff's claims with or without prejudice for his failure to comply with the Court's December 11, 2017 Order.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999) (holding plaintiff's failure to comply with minute order to file amended complaint gave district court discretion to dismiss case under Fed. R. Civ. P. 41(b)).[1]  The Court must consider five factors before dismissing a case:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

2

The public interest in the expeditious resolution of this litigation, the Court's interest in managing its docket, the noted lack of merit of Plaintiff's claims, and the lack of prejudice to the unserved Defendants strongly weigh in favor of dismissal of this action. Plaintiff was afforded an ample opportunity to amend his claims but has not. Providing Plaintiff additional time to amend, particularly in light of his claims deficiencies, appears futile.

This action is DISMISSED with prejudice for Plaintiff's failure to amend his pleadings to state a cognizable claim. *See In re Phenylpropanolamine (PPA) Cases*, 460 F.3d 1217, 1226 (9th Cir. 2006). This dismissal shall count as a strike under 28 U.S.C. §1915(g), unless it is overturned on appeal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the

plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

**CONCLUSION**

(1) This action is DISMISSED with prejudice for Plaintiff's failure to amend his pleadings to state a cognizable claim.

(2) This dismissal shall count as a strike under 28 U.S.C. §1915(g), unless it is overturned on appeal.

(3) The Clerk is DIRECTED to enter judgment and terminate this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 9, 2018.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Kristopher Kealoha, #A0265817 v. Elizabeth Cabrera, Cathy Krueger, Wesley Mun, John Frauens, Does 1-150; 17-cv-00570 HG-KSC; **DISMISSAL ORDER**